UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

TYLAN JOVAN LUCAS,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　Petitioner,　　　　　　　　　　)　　Civil Action No. 7:11-00028-HRW
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
WARDEN D. BERKEBILE,　　　　　　)　　**MEMORANDUM OPINION**
　　　　　　　　　　　　　　　　　　)　　**AND ORDER**
　　　Respondent.　　　　　　　　　 )

\*\*\*\*　\*\*\*\*　\*\*\*\*　\*\*\*\*

Tylan Jovan Lucas is a prisoner in the United States Penitentiary in Pollock, Louisiana. When he was incarcerated at the federal penitentiary in Inez, Kentucky, Lucas petitioned the Court to issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to vacate his conviction and sentence. [D. E. No. 2] Lucas argues that during his criminal trial the government failed to produce sufficient evidence that he possessed a firearm in furtherance of a conspiracy; the trial court imposed a two-level enhancement for obstruction of justice notwithstanding the jury's finding to the contrary; and the trial court failed to adequately address his ineffective assistance of counsel claims when it denied his motion for relief under 28 U.S.C. § 2255.

The Court reviews habeas petitions filed under Section 2241 to determine whether the petition and its exhibits establish viable grounds for relief. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Because Lucas is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson*

*v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny habeas relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Otherwise, the Court may resolve the petition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

## BACKGROUND

On January 10, 2005, a federal jury in Nebraska convicted Lucas of various drug trafficking and firearms offenses, including possessing a firearm (a Ruger revolver) in furtherance of a drug trafficking crime (Count II) and obstruction of justice (Count VI). The district court enhanced Lucas sentence pursuant to the Notice of Information filed by the government pursuant to 21 U.S.C. § 851 and ordered him to serve a cumulative 295 month term of imprisonment. *United States v. Lucas*, No. 8:04-CR-00044-LSC (D. Neb. 2004).

On direct appeal, a panel of the Eighth Circuit concluded that the district court should have granted Lucas's motion to suppress because the Nebraska Corrections Director who signed his arrest warrant was not a neutral and detached magistrate. *United States v. Lucas*, 451 F.3d 492 (8th Cir. 2006). But the Eighth Circuit sitting as a whole reversed that decision and affirmed the district court's judgment on the suppression issue. The Court of Appeals further held that the district court properly admitted evidence of past drug dealing and gun

possession under Rule 404(b) and that the government produced sufficient evidence to support conviction on the obstruction of justice charge. *United States v. Lucas*, 499 F.3d 769 (8th Cir. 2007), *cert denied*, 552 U.S. 1281 (2008).

Lucas then moved to vacate his sentence under 28 U.S.C. § 2255 asserting numerous grounds for relief. The trial court addressed each of Lucas's claims and denied the motion. Of particular relevance here, the court held that Lucas's counsel was not constitutionally ineffective in any respect; that it had properly enhanced his sentence based upon the prior convictions identified in the government's Section 851 notice; and that Lucas could not collaterally attack his prior state convictions when he was represented by counsel during his state court trial. *United States v. Lucas*, 2009 WL 914246, at *2-3 (D. Neb. March 30, 2009). The Eighth Circuit denied Lucas's initial and subsequent requests for a certificate of appealability.

In his current petition, Lucas challenges the sufficiency of the government's evidence that he possessed a Ruger revolver, the trial court's enhancement of his sentence for obstruction of justice, and the adequacy of its grounds to deny his motion for relief under Section 2255.

## DISCUSSION

The Court will deny Lucas's petition because habeas relief under 28 U.S.C. § 2241 is not an available mechanism to pursue his claims under these circumstances. Section 2255(a) provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful sentence. *Terrell v. United States*, 564 F.3d 442, 447 (6th

Cir. 2009). It is the method which must be used to collaterally attack errors that occurred "at or prior to sentencing." *Eaves v. United States*, No. 4:10-cv-00036, 2010 WL at 3283018, at * 6 (E.D. Tenn., August 17, 2010).

The "savings clause" set forth in 28 U.S.C. § 2255(e) permits a defendant to pursue habeas relief pursuant to 28 U.S.C. § 2241 only where the remedy under Section 2255(a) is "inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447; *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004). This safety valve is not available to a federal prisoner "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief." *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799, 803s (6th Cir. 2003).

Lucas's claims do not fall within this narrow exception. First and foremost, "[t]he only claim that this court has recognized as cognizable under § 2241 is a claim of actual innocence based upon a new rule of law made retroactive by a Supreme Court case, such as the claim raised in the case of *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995)." *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003). Lucas points to no such decision upon which to predicate relief. *United States v. Peterman*, 249 F.3d at 461-62; *Charles*, 180 F.3d at 757.

Second, Lucas's claims challenging the enhancement of his sentence based on prior state convictions and obstruction of justice, as well as his claim of ineffective assistance of counsel, were asserted and rejected in his Section 2255 motion. *United States v. Lucas*, 2009

WL 914246, at *2-3 (D. Neb. March 30, 2009). Section 2241 is not an available to a petitioner who merely wishes to reargue claims considered and rejected in a prior motion under Section 2255. *Charles*, 180 F.3d at 756 ("Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied.")

Third, Lucas's challenge to the enhancement of his sentence, as opposed to his conviction, is not cognizable under Section 2241; federal courts have not extended the reach of the savings clause to petitioners who challenge only their sentence. *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001) (Section 2241 petitioner must demonstrate innocence of the underlying offense, not a mere sentencing factor); *Johnson v. Cauley*, No. 09-CV-52-HRW (E.D. Ky. 2009) *aff'd*, No. 09-5991 (6th Cir. July 9, 2010); *see also United States v. Poole*, 531 F .3d 263, 267 n.7 (4th Cir. 2008); *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009).

Finally, Lucas's claims appear to be substantively without merit. Lucas contends that the government failed to produce sufficient evidence that he possessed the Ruger revolver to convict him of either the drug conspiracy charge or to impose a two level enhancement for obstruction of justice. [D. E. No. 2, p. 5] . But the Eighth Circuit held otherwise, concluding that the district properly admitted evidence of Lucas' past drug dealing and gun possession under Federal Rule of Evidence 404(b) to establish motive, intent, plan and design in relation to the drug and firearm charges, and that the evidence at trial was sufficient to support a conviction for obstruction of justice. *Lucas*, 499 F.3d at 780-81. A federal court in a post-conviction proceeding can rely on the factual conclusions made by an appellate court

in the same case. *Smith v. Snyder*, 22 F. App'x 552, 553 (6th Cir. 2001); *Myers v. United States*, 198 F.3d 615, 619 (6th Cir. 1999). In light of the Eighth Circuit's findings on these issues on direct appeal, Lucas can not demonstrate that he is "actually innocent" of the Section 924(c) firearm and obstruction of justice offenses of which the jury convicted him.

Accordingly, **IT IS ORDERED** that:

1. Petitioner Tylan Jovan Lucas' petition for a writ of habeas corpus [D. E. No. 2] is **DENIED**.

2. The Court will enter an appropriate judgment.

This 19th day of June, 2012.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge